IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

*v.*

MANI CHULPAYEV
  A/K/A MANI CHILPAYEN
  A/K/A IMMANUEL COHEN

Criminal Action No.

1:18-CR-449-ELR-RGV

**United States' Notice Regarding Potential Attorney Conflict**

The United States of America, by Ryan K. Buchanan, United States Attorney, and Garrett L. Bradford and Irina K. Dutcher, Assistant United States Attorneys for the Northern District of Georgia, files this Notice Regarding Potential Attorney Conflict.

Bruce Harvey represents defendant Mani Chulpayev in this case. Chulpayev is charged with conspiracy to commit bank and mail fraud and money laundering. (Doc. 4). As a part of the scheme, Chulpayev is alleged to have recruited and instructed straw purchasers to purchase cars using fraudulent loan applications, often multiple cars at a time. (*Id.* ¶¶ 2, 7). Sometimes, the cars used by Chulpayev for this scheme had been stolen. (*Id.* ¶ 2). The straw purchasers never disclosed to the banks that they had no intention of personally using the cars; instead, the true intent was for Chulpayev to take the cars and lease them to other people through Chulpayev's car leasing business. (*Id.* ¶ 5). Chulpayev leased the cars to drug traffickers for cash payments of drug proceeds, laundering their illegal profits through his business. (*Id.* ¶¶ 5-6).

Mr. Harvey previously represented an individual named Decensae White in a Fulton County Superior Court case, indictment # 13SC123643. Chulpayev was a co-defendant in that case. Both White and Chulpayev were charged with the murder of Melvin Vernell a/k/a Lil Phat, who was a client of Chulpayev's car leasing business. While Mr. Harvey represented White, White pled guilty and agreed to cooperate against all his co-defendants, including Chulpayev. Though the charges against Chulpayev were ultimately nolle prossed after he entered a guilty plea to a charge of tampering with evidence in indictment 15SC133624, White testified at trial against the remaining co-defendants.

During that trial, White testified that, among other things, he paid approximately $6,000 to $10,000 of drug proceeds per month to rent cars from Chulpayev, who rented out cars that were owned or had been leased by other people. White also testified that he eventually invested approximately $120,000 of drug proceeds in Chulpayev's car leasing business. That car leasing business, and the drug proceeds laundered through it, are key parts of the current criminal case against Chulpayev.

White is a witness to the events surrounding the charged conduct and he may be called to testify at trial in the current case. That testimony would be materially adverse to the interests of Chulpayev, resulting in what appears to be a serious potential for a conflict of interest between the duties owed to Mr. Harvey's two clients.

Mr. Harvey was disqualified from representing a client under similar circumstances, with the Court reasoning:

> Where a prior client's testimony directly concerns a current client's conduct, there is a serious risk that such testimony as a government witness will not be fully aligned with the current client's [ ] interests, but instead would be materially adverse. The Eleventh Circuit has stated that when, like here, "an actual conflict of interest exists, the client is denied effective assistance of counsel, and the attorney may be disqualified." [*United States v. Ross*, 33 F.3d 1507, 1523 (11th Cir. 1994)]; *see also* [*Wheat v. United States*, 486 U.S. 153, 164 (1988)] ("A showing of a serious potential for conflict" overcomes the presumption in favor of the defendant's counsel of choice).

*United States v. Wheat*, No. 1:17-CR-229-AT-CMS, 2019 WL 1930182, at *2 (N.D. Ga. May 1, 2019).

The government does not have sufficient information at this juncture to state its position regarding whether this potential conflict requires Mr. Harvey's disqualification from this case. First, it is not yet known whether White and Chulpayev have been informed of the potential conflict and are willing to waive their right to conflict-free counsel.[1] Second, even assuming waivers can be obtained, there is insufficient information available about Mr. Harvey's previous and/or current representations of White and Chulpayev, including the nature of the financial arrangements between and among them, all of which may impact the Court's determination of whether an actual or potential conflict could be waived under the totality of the circumstances.

---

[1] The government recently learned of this potential conflict and brought it to Mr. Harvey's attention by letter on August 2, 2022. On August 6, 2022, Mr. Harvey advised the undersigned that he had not yet discussed the potential conflict with either of his clients, nor had he obtained waivers from them.

For these reasons, the government recommends that the Court schedule a hearing to advise Chulpayev of his right to conflict-free counsel. The Court should advise him that he has the right to hire independent counsel or have one appointed if he cannot afford to do so, and to advise him of his right to conflict-free counsel and whether it is in his best interest to waive those rights in this case. The Court should also inquire further of Mr. Harvey about the specific nature of his previous and/or current representations of White and Chulpayev. Only then will the government be able to provide the Court with a fully informed position on whether an actual or potential conflict exists and, if so, whether it can be waived.

Respectfully submitted, this 18th day of AUGUST 2022.

Respectfully submitted,

RYAN K. BUCHANAN
*United States Attorney*


/s/GARRETT L. BRADFORD
*Assistant United States Attorney*
Georgia Bar No. 074374
Garrett.Bradford@usdoj.gov


/s/IRINA K. DUTCHER
*Assistant United States Attorney*
Georgia Bar No. 583088
Irina.dutcher@usdoj.gov


600 U.S. Courthouse, 75 Ted Turner Drive S.W., Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181